UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUAN C. FLORES, and all others similarly situated under 29 USC 216(B),

       Plaintiff

vs.

ROYAL LINEN SERVICES, LLC
MARCO A. BENITEZ

       Defendants

## COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendants regularly transact business within Dade County. Upon information and belief, the Defendants were Plaintiff's employers for the relevant time period. The individual Defendant is the Corporate officer of the corporate Defendant who ran the day to day operations of the corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages and/or controlled Plaintiff's work upon information and belief.

4. All acts or omissions giving rise to this dispute took place in Dade County Florida.

5. It is believed that several other employees of the Defendant have not been paid overtime or minimum wages in accordance with the FLSA from the date of filing this complaint back three years. This case is brought as an opt-in action under 29 USC 216(B).

## COUNT I. FEDERAL STATUTORY VIOLATION
## (OVERTIME VIOLATION AGAINST DEFENDANTS)

6. This action arises under the law of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement), that vests this action within a court of competent jurisdiction.

8. Plaintiff was employed as a commercial laundry worker for Defendants business. Plaintiff worked for the Defendants beginning on or about 06/30/10 until on or about 06/29/11.

9. Both the Defendant's business and Plaintiff's work for Defendants affected interstate commerce for the relevant time period substantially. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the good and materials that he used or handled on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. The Defendants' linen service/laundry predominantly serviced Hospitals and Hotels for the relevant time period which substantially and regularly affected interstate commerce for the relevant time period.

10. The Defendants, on information and belief, had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011.

11. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled materials that travelled through interstate commerce, or used

    instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Plaintiff worked an average of 65 hours per week for the stated time period above and was paid at rate equivalent to $6.66/hr., but was not paid any overtime wages for the entire time Plaintiff worked for the Defendants and is therefore claiming time and a half the applicable minimum wage rate for all hours worked above 40 in a week.

13. The Defendant's payment to Plaintiff for this time period did not meet the federal overtime wage law requirements.

14. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants, knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a **<u>trial by jury</u>**.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

**COMES NOW THE PLAINTIFF, through Counsel, and re-adopts 1-14 above and further states:**

15. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". As of July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24 2009, Federal minimum wage was raised to $7.25/hr.

16. Plaintiff was paid an average hourly rate of $6.66 an hour during the time he was employed with Defendants. Said payment of $6.66 an hour constitutes a minimum wage violation pursuant to the Fair Labor Standards Act.

17. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants, knew of the minimum wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. Plaintiff requests a **trial by jury.**

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121