UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-22901-CIV-GOODMAN

[CONSENT CASE]

JUAN C. FLORES and all
others similarly situated under 29 USC 216(B),

    Plaintiffs,

v.

ROYAL LINEN SERVICES, LLC and
MARCO A. BENITEZ,

    Defendants.

_____

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

This matter is before the Court on the parties' Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice.  [ECF No. 20]  For the reasons described below, the Court **APPROVES** the settlement, **DISMISSES** this action **WITH PREJUDICE**, and **CLOSES** this case.

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees.  *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).  However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of

the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). S*ee also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The parties filed their proposed settlement agreement in this case. [ECF No. 20-1]. The Court reviewed the terms of the settlement and reviewed the simultaneously filed joint motion for approval of the settlement. The Court considered the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the anticipated costs of a trial, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiff has accepted less money than he claims he is owed while the defendants, who have denied liability, have agreed to pay plaintiff more than they believe he is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable. Accordingly, it is

**ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED**, this action is **DISMISSED WITH PREJUDICE**,

[CONSENT CASE]

and the **CASE IS CLOSED**.  The Court reserves jurisdiction for ninety (90) days to enforce the terms of the parties' settlement.

  **DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of November, 2011.

                 _____
                 Jonathan Goodman
                 UNITED STATES MAGISTRATE JUDGE

**Copies provided to**:

Counsel of Record